J-S70045-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DENNIS MILEY, | : | |
| | : | |
| Appellant | : | No. 1476 EDA 2014 |

Appeal from the Judgment of Sentence Entered April 10, 2014,
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000282-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DENNIS MILEY, | : | |
| | : | |
| Appellant | : | No. 1477 EDA 2014 |

Appeal from the Judgment of Sentence Entered April 10, 2014,
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000287-2007

BEFORE:  LAZARUS, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 09, 2014**

Dennis Miley (Appellant) appeals from the judgments of sentence entered after the revocation court revoked his intermediate punishment sentences.  In addition, Appellant's counsel seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and

_____
* Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we affirm the judgments of sentence and grant counsel's application to withdraw.

On March 28, 2007, Appellant entered into a negotiated guilty plea to one count of possession with intent to deliver (PWID)[1] at each of two separate cases, CP-23-CR-0000282-2007 (282-2007) and CP-23-CR-0000287-2007 (287-2007). Appellant was sentenced to 36 months in the intermediate punishment program (IPP) at both cases, with each sentence to run concurrently with the other.

On April 10, 2014, Appellant was arrested pursuant to a bench warrant that had been issued because of Appellant's failure to comply with various conditions of IPP.[2] That same day, the revocation court held a ***Gagnon II***[3] hearing, at which Appellant stipulated to violating the terms of IPP. The revocation court revoked Appellant's sentences and resentenced Appellant to 22 to 60 months of incarceration at 282-2007, with credit for time served, to be followed by 60 months of probation at 287-2007.

---

[1] 35 P.S. § 780-113(a)(30).

[2] Appellant had previously been found to be in violation of IPP in November 2007 and September 2012. In both instances, he was resentenced to another term of consecutive IPP at each case.

[3] ***Gagnon v. Scarpelli***, 411 U.S. 778, 782 (1973) (concluding that due process requires a probationer be given a preliminary (***Gagnon I***) and final (***Gagnon II***) hearing prior to probation revocation).

Appellant timely filed notices of appeal. On May 27, 2014, counsel filed statements, pursuant to Pa.R.A.P. 1925(c)(4), of his intent to withdraw his representation of Appellant. The revocation court then filed Pa.R.A.P. 1925(a) opinions.[4]

As a preliminary matter, we address counsel's application to withdraw before reaching the merits of the issues raised in the brief. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa. Super. 1997)) ("When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

To withdraw pursuant to *Anders*, counsel must: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal;[5] and 3) furnish a copy of the brief to the appellant and advise him or

---

[4] On June 2, 2014, this Court issued an order consolidating Appellant's appeals.

[5] Our Supreme Court further addressed the requirements of an *Anders* brief in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Counsel seeking to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

her of the right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Thereafter, this Court independently reviews the record and issues. **Id**.

Upon review, we conclude that counsel has substantially complied with the requirements of **Anders** and **Santiago**.[6] Therefore, we will undertake a review of the appeal to determine if it is wholly frivolous.

In his brief, Appellant's counsel states one issue that might arguably support an appeal: "Whether the new sentences imposed upon [Appellant] are harsh and excessive where, in the aggregate, they require him to serve an additional 22 to 60 months of incarceration, and then 60 months of probation?" **Anders** Brief at 3.

Appellant's claim challenges the discretionary aspects of his sentence. Preliminarily, we note that the rules for resentencing a defendant following the revocation of an intermediate punishment sentence are analogous to those applicable to resentencing following probation revocation. Specifically, "the sentencing alternatives available to the court [are] the same as the alternatives available at the time of initial sentencing." 42 Pa.C.S.

---

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 361.

[6] Appellant has not responded to counsel's application to withdraw.

- 4 -

§ 9773(b). Thus, in evaluating revocation of an intermediate punishment sentence, this Court applies the same standard it applies when reviewing a sentence imposed after probation revocation.[7] ***See Commonwealth v. Edwards***, 71 A.3d 323, 327 (Pa. Super. 2013).

It is well-established that

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa. Super. 2005) (quoting ***Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa. Super. 1999)).

Where an appellant challenges the discretionary aspects of a sentence there is no automatic right to appeal, and an appellant's appeal should be considered to be a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007). As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see***

---

[7] Moreover, in ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), an *en banc* panel of this Court held that its "scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." ***Id.*** at 1034.

- 5 -

> Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)).

"The determination of whether a substantial question exists must be determined on a case-by-case basis." **Commonwealth v. Hartman**, 908 A.2d 316, 320 (Pa. Super. 2006) (citation omitted). This Court has explained that: "[a] substantial question exists where an appellant advances a colorable argument that the sentencing judge's actions [were] either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (quoting **Commonwealth v. Koren**, 646 A.2d 1205, 1208 (Pa. Super. 1994)).

Instantly, Appellant has met the first prong of this test by timely filing notices of appeal. However, Appellant has failed to preserve properly his discretionary aspects of sentencing issue at sentencing or in a timely-filed motion to reconsider sentence pursuant to Pa.R.Crim.P. 720. Moreover, the **Anders** brief does not contain a Rule 2119(f) statement, and the Commonwealth has objected to its absence. Thus, Appellant's claim is waived. **See Commonwealth v. Kalichak**, 943 A.2d 285, 289 (Pa. Super.

2008). ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion."); *see also Commonwealth v. Montgomery*, 861 A.2d 304, 308 (Pa. Super. 2004) ("Where an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review.").

Even if Appellant had preserved the issue,[8] Appellant would still not be entitled to relief. In support of his claim, Appellant contends that his sentence is harsh and excessive in light of the fact that Appellant "is a 37 year old man who has struggled with drug addiction but has taken steps to overcome it." *Anders* Brief at 6. To the extent that Appellant argues that the revocation court did not consider adequately mitigating sentencing factors, such a claim does not raise a substantial question. *See Commonwealth v. Marts*, 418, 889 A.2d 608, 615 (Pa. Super. 2005) (explaining that a claim that the trial court did not consider adequately mitigating factors does not raise a substantial question). Moreover, to the extent that Appellant raises a substantial question by claiming that the

---

[8] *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (citing *Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (explaining that despite waiver, *Anders* requires examination of the merits of the issue appellant seeks to raise)).

revocation court failed to consider mitigating sentencing factors,[9] the record belies his claim.

In imposing its sentence, the revocation court explained that it considered: (1) "the nature and seriousness of the violations;" (2) Appellant's "age, educational, familial, marital, and employment status;" (3) "the comments of [Appellant], Defense Counsel, the Department, [and] the Commonwealth;" (4) "the *Gagnon II* Hearing Report;" (5) "the contents of the PA DEP Bio Psychosocial Report;" and (6) "the fact that this [wa]s the third *Gagnon* hearing on each of [Appellant's] cases." N.T., 4/10/2014, at 33. During the hearing, the revocation court heard testimony regarding Appellant's drug addiction and related treatment. *Id.* at 20-28. Moreover, where, as here, the sentencing judge had the benefit of a presentence investigation report, we presume that he was aware of the relevant information regarding the defendant's character, and weighed those considerations along with mitigating statutory factors. ***Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa. Super. 2005); ***Commonwealth v. Burns***, 765 A.2d 1144, 1151 (Pa. Super. 2000). Thus, we conclude that the revocation court did not abuse its discretion.

---

[9] ***See Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa. Super. 2005) (explaining that appellant's argument that his sentence was manifestly excessive and that the trial court failed to consider mitigating factors raised a substantial question).

For the above reasons, we agree with counsel that this appeal is wholly frivolous. Thus, we affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014